UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:07-CV-136

| | |
|---|---|
| AXIS CAPITAL, INC., a Nebraska corporation, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN ALLEN KRPATA, a/k/a STEPHEN | ) |
| ALLEN KRAPATA, | ) |
| Defendant. | ) |

This matter is before the court upon motion by Plaintiff Axis Capital, Inc. ("Axis"), for entry of judgment by default against Defendant Stephen Allen Krpata a/k/a Stephen Allen Krapata ("Krpata").

## I. PROCEDURAL HISTORY

Axis filed this action against Krpata on August 20, 2007, alleging that Krpata breached his unconditional guarantee of payment of monies owed by a non-party to this action, American Constructors of North Carolina, Inc. ("American Constructors"), to Axis under two lease agreements. *See* Compl. [DE-1]. Axis also seeks attorney's fees. The record shows that on September 5, 2007, Krpata personally was served with process pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Return of Service [DE-4]. Proof of service was filed with this court on September 7, 2007. *See id.* Krpata did not file responsive pleadings to the Complaint, and the Clerk of Court for the Eastern District of North Carolina made an entry of default against him on October 18, 2007. *See* Entry of Default [DE-8]. Axis now moves for entry of default judgment against Krpata. Krpata has not filed a response to the motion for entry of default judgment.

## II. FINDINGS OF FACT

Upon default, the well-pleaded facts alleged in the Complaint are deemed admitted. *See Ryans v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Based upon the Complaint, the court finds the following facts:

On or about July 28, 2006, American Constructors executed and delivered in favor of Axis two leases for certain equipment: Lease #912840 and Lease # 912921. Compl. [DE-1] ¶¶ 6 & 8. As an inducement for Axis to enter into both Lease # 912840 and Lease # 912921, Krpata unconditionally guaranteed the payment of all moneys owed by American Constructors to Axis under the leases. *Id.* at ¶¶ 7 & 9. American Constructors is in default of both Lease # 912840 and Lease # 912921. *Id.* at ¶ 11. On or about August 7, 2007, Asix notified Krpata that American Constructors was in default under Lease # 912840 and Lease # 912921, and that because of his guarantees, he was liable for the full amount owed to Axis by American Constructors. *Id.* at ¶ 12, Ex. C. Axis has declared all unpaid rentals, including payment defaults and other sums due under Lease # 912840 and Lease # 912921, to be immediately due. *Id.* at ¶ 13.

## III. DISCUSSION

### A. Default Judgment

This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a). Service on Krpata was obtained in accordance with Rule 4 of the *Federal Rules of Civil Procedure*, as described above, and Krpata was, at the time of the institution of this action, domiciled within North Carolina. Accordingly, this court has personal jurisdiction over Krpata. The Clerk of Court having filed entry of default on October 18, 2007, the court concludes that the

2

procedural requirements for entry of default judgment have been met.

**B. Relief**

The Complaint contains two causes of action for breach of guaranty, and a claim for recovery of attorney's fees. Upon default, the facts alleged in the Complaint are deemed admitted. *Ryans*, 253 F.3d at 780. The court, however, can determine whether the facts, as alleged, support a claim and the relief sought. *Id.* Having reviewed the well-pleaded allegations of fact in the Complaint, the court finds that Axis has established a sufficient basis in the pleadings for the relief sought.

A personal guaranty is a contract, obligation or liability "whereby the promisor, or guarantor, undertakes to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person who is himself . . . liable to such payment or performance." *Trust Co. v. Clifton*, 203 N.C. 483, 485, 166 S.E. 334, 335 (1932). "In order to hold a guarantor liable under a guaranty agreement, plaintiff must first establish the existence of the agreement." *Carolina Mills Lumber Co., Inc. v. Huffman*, 96 N.C. App. 616, 619, 386 S.E.2d 437, 438 (1989). In this case, Axis has attached to the Verified Complaint copies of Lease # 912840 and Lease # 912921, wherein Krpata agreed to "guarantee the full payment and performance when due of all of Lessor's obligations" under the Lease. Compl. [DE-1], Exs. A & B. Furthermore, Krpata agreed "to pay all reasonable attorney's fees, court costs and other expenses incurred by [Axis] by reason of default by"American Constructors. *Id.*

By virtue of American Constructors default of Lease # 912840 and Lease # 912921, Krpata is liable for all monies owed by American Constructors under the terms of Lease # 912840 and Lease # 912921. As of August 7, 2007, American Constructors owed Axis the sum

3

of $84,529.37 under Lease # 912840, and the sum of $64,226.88 under Lease # 912921. Therefore, Axis is entitled to judgment in the amount of $148,756.25.

Axis also seeks attorney's fees in the amount of fifteen percent of the outstanding amount owed. As the court has noted, Krpata agreed to pay attorney's fees. Pursuant to N. C. Gen. Stat. § 6-21.2, reasonable attorney's fees are construed to mean fifteen percent of the outstanding balance owing on the lease. In this case, Axis is entitled to attorney's fees in the amount of $22,313.44.

Finally, Axis seeks an award of costs in the amount of $345 for filing and serving the action. Pursuant to 28 U.S.C. § 1920, the court finds costs in the amount of $345 are recoverable.

## IV. CONCLUSION

It is hereby ORDERED, ADJUDGED AND DECREED that:

1. Plaintiff have and recover of Defendant Steven Allen Krpata a/k/a Steven Allen Krapata the amount of $148,756.25 with interest at the legal rate of per annum from the date of entry of this judgment.

2. Plaintiff have and recover of Defendant Steven Allen Krpata a/k/a Steven Allen Krapata the amount of $22,658.44 in reasonable attorney's fees and costs.

SO ORDERED. This the 2nd day of November, 2007.

JAMES C. FOX
Senior United States District Judge